Mr. Abrams, can you hear me? Yes, Your Honor. Okay, and Mr. Rogers, can you hear me? Yes, Your Honor. Okay, we'll proceed with the United States v. High, and Mr. Abrams, we'll hear from you. Thank you. Thank you, Your Honor. May it please the court, I'm Elliot Abrams on behalf of the appellant, Anthony High. Your Honors, this court has confirmed time and again in the context of resentencing motions that a district court must explain why it rejected a party's post-sentencing mitigation arguments. This court has vacated and remanded for reconsideration in Martin, McDonald, Cooper, Bodie, Greer, McCarson, and Sprague. Here, the district court provided only one paragraph of case-specific reasoning in response to the party's more than 100 pages of argument and exhibits, which provided fully developed, non-frivolous arguments why new post-sentencing circumstances warranted resentencing. In its order, the district court did not make clear that it considered Mr. High's post-sentencing mitigation arguments, nor did it provide any explanation of how the 3553A analysis was affected by Mr. High's vulnerability to serious illness or death from COVID-19. Indeed, the district court never mentioned the pandemic, COVID-19, or Mr. High's significant medical conditions and risk factors, such as serious heart issues, history of smoking, hypertension, and obesity. Nor did the district court mention Mr. High's educational and or his substantial infraction-free period post-sentencing in the BOP. And the court did not explain why it rejected Mr. High's argument that home detention, which was now available for the first time on resentencing, would adequately deter future violations by him. Ultimately, because the district court failed to give individualized attention to each of Mr. High's post-sentencing mitigation arguments, the district court abused its discretion in denying Mr. High's motion, and the order must be vacated and remanded for reconsideration. Although this court has never specifically held by a published opinion that the individualized explanation requirement of Martin, which dealt with 3582C2, similarly applies to the statute at issue here, 3582C1A, this court in McDonald recently applied Martin to a resentencing motion under 3582C1B, and there is no basis for not similarly applying Martin to 3582C1A. Indeed, at oral argument in McDonald, the government conceded that the Martin individualized explanation requirement should apply to section 3582C1B, and there's no logically consistent basis for it failing to similarly concede that Martin applies to section 3582C1A. Mr. High's arguments also triggered the Martin individualized explanation requirements because he presented post-sentencing mitigation arguments that were not available at the time of Mr. High's original sentencing. Mr. High presented not only post-sentencing mitigation in the form of a substantial infraction-free period and the completion of numerous educational and vocational courses in BOP, he also presented a dramatic new circumstance, that is that he presents a high risk of serious illness or death from COVID-19 due to his serious health problems, and he presented that BOP has been unable to adequately control the spread of the virus, thus leaving him exposed to catching a disease that may well kill him. That was a new circumstance that was not before the court at the original sentencing hearing. Mr. High presented that in a fully developed argument to the district court, and the district court did not mention that argument in its order. Is it your position that the district court was required to address that? The district court decided this issue only on the 3553A factors, and other courts of appeals have said that the court can do that. It doesn't have to address the other prongs, such as whether the pandemic is in this particular prison or whether this person's at risk, but rather the court can just decide based on 3553A, because all of these elements are required to be shown. Is it your position that the court had to talk about the other prongs of the analysis? Your Honor, it is not our position that the court has to address both prongs. I think this court has remanded when courts have not done so, but here our position is that by failing to mention and address Mr. High's argument that he's a high risk for catching COVID, the court could not conduct a full 3553A analysis. And so the failure to address this argument means that the court's 3553A analysis was incomplete. And under 3553A, there are numerous reasons that the high risk to death or serious illness from a disease that's running through a prison would be relevant. For example, 3553A1 talks about the history and characteristics of the defendant. Certainly, it would be relevant at an initial sentencing if there were some similar circumstance. If someone were sentenced now, for example, it would be relevant to the 3553A analysis that someone is a high risk of catching COVID. There's also 3553A2D, which talks about providing medical care in the most efficient manner. And then 3553A3, which talks about the sentences available. I think each of those 3553A factors are factors that are implicated by someone who is a high risk of death or serious illness from COVID-19. So our position here is even if you take the government's reading of the order and say that the court assumed without deciding that Mr. High presented extraordinary and compelling reasons for relief, the court nonetheless could not have conducted a fulsome 3553A analysis without giving attention to the high risk that he presents of death or serious illness from COVID-19. And our argument is basic in that point that when a defendant makes a motion for resentencing and presents new post-sentence mitigation arguments that were not available, the district court has to give those arguments individualized attention and provide this court a way to understand. Mr. Abrams, how do you distinguish Chavez Meza? Your Honor, in Chavez Meza, defendants request that the judge resentence and go all the way to the bottom of the guidelines. Whereas here, there's no intuitive basis for us to say how the court declined to, why the court didn't find Mr. High's argument. But that doesn't address the circumstance in Meza, which Chavez Meza, which seems to provide some guidance for here. There, the defendant challenged the sentence and said the court didn't address his courses, his education, his rehabilitation type of thing. And the court merely checked the box on the form saying that it had considered the 3553 and the Supreme Court said that's fine. Yes, Your Honor, and I think it was clear from the record that the court did consider those things. The court actually did lower the sentence in Chavez Meza. It went down from 135 months to 114 months. And so really the dispute was, did the court provide enough to tell us why it didn't go down from 114 to the 108 that the defendant asked for? And so the court said, well, we can look at this record and see that the court originally sentenced this person to 135 months and thought that that was an appropriate sentence. And so we've intuited that from this record, that the court thought somewhere above the bottom of the guidelines, which is what the defendant asked for in Chavez Meza was appropriate. And so I think that's the first reason to distinguish Chavez Meza. The second is what I've already mentioned, and that is that the judge actually did grant some relief in Chavez Meza. So the court clearly considered... Sorry, I don't understand the difference between your first and second reasons. And they are very, very much related. The first point is simply that the court said we can intuit why the district court did what it did. And I don't know that that applies here. And then the record shows that the court actually did consider arguments of the defendant about post-sentencing conduct or post-sentencing issues because the court granted some relief, whereas here the court didn't grant any relief and didn't make any reference to the fact that Mr. High's situation has dramatically changed. He was sentenced at a time when it was safe for him to be in prison. Now he's in a place that may well kill him, and the court made no reference to that circumstance. And then Chavez Meza, of course, factors into this court's pre-existing and post-Chavez Meza case law that says that if, for example, in Martin and McDonald, if a defendant raises post-sentencing mitigation arguments, the court must give those arguments individualized attention. And so... Well, the court, of course, we can't reverse the Supreme Court, right? We might like to sometimes, but that's not within our province. So do you not think maybe those decisions are in conflict with the Supreme Court case? Did you feel like there was... But because there was a change in the sentence, you think that that's evidence of an individualized attention. Is that what you're telling us? Yes, Your Honor. Both that there was... That the court intuited from the record the basis. So it looked through the record and said, I can see why you rejected the argument to go all the way down to 108. No, no, no. I understand that, but I'm trying to reconcile it with our precedent. And we say that there must be an individualized attention. And you're saying, well, what was done in Chavez Meza shows that there was given an individualized attention. Is that what you're saying? That's exactly correct, Your Honor. And I think that Chavez Meza is not in conflict with the precedent in this circuit because what Chavez Meza says is that the court has to provide enough so that appellate courts can... To make clear that the court considered the arguments of the defendant. So that's in Chavez Meza. And then it's just application of that standard that the court says, we've looked at the record and from this record, it's clear to us that individualized attention was... They didn't use the words individualized attention, but that the district court considered those things. And so I think that the rule is the same that in all circumstances, the district court has to make clear, and this is from Chavez Meza, the district court has to make clear that it considered the party's arguments. And then it we weren't dealing with a pandemic. We were dealing with more regular sentencing factors. Well, that's what I was about to ask you. Do you think that there is possibly a requirement that there must be in these COVID cases, which aren't going to go on forever, but which are certainly in front of us right now as a basis for getting this early release, that there has to be some something that's required to acknowledge that that's a special issue? I think that the COVID cases... The short answer is yes. I think the COVID cases necessarily trigger the individualized explanation requirement and require the judge to just grapple with it and say, because if you are at an initial sentencing and the defendant says, judge, I'm terrified of going to prison because I think I might die. Look at how high risk I am. This is a new circumstance. If we have a situation where a high percentage of people are going and getting really sick, that affects the 3553A factors in every case. And fortunately, it's not going to go on forever. So this is just an application of Martin and McDonald and the cases that say if you present new circumstances on resentencing, the district court has to give them individualized attention. And of course, the amount of what the district court has to say is probably a pretty low bar, but here there's simply no mention whatsoever of COVID, of his to figure out how the district court weighed what was a very real dispute before it, which was whether he's high risk and how significant the risk was that he would actually catch it. We submitted that he was a high risk and that it was not being adequately controlled. The government said he's not a high risk and it is being adequately controlled. And we don't know how the district court resolved that or whether it considered it at all. I see that my time is up. If there are no questions right now, I'll reserve the balance of my time. Thank you. Thank you, Mr. Abrams. Mr. Rogers. Good morning. May it please the court. I'm Joshua Rogers and I represent the United States. This is a case of a defendant with a serious criminal history, including a murder conviction who requested compassionate release under 3582C1A1 after just two years in prison, citing his clean disciplinary record, attending some classes and the desire to escape the risk of contracting COVID. Now, 3582C1A1 is different, extremely different as this court recently held in McCoy. McCoy compared the statute to other sentencing reduction statutes and found that the fall within no other statutory category. And the reason why that matters is that this statute, in being in a league of its own, its expansive language means that there's an expansive amount of discretion. And the court employed that discretion. It made a finding that it hinged on 3553A, but ultimately it was an extraordinary and compelling finding because that's essentially what the statute asks. The court stated the defendant was very recently sentenced. It's an important finding because defendants must, over time, show that they're worthy of compassionate release. Mitigating evidence minus time is insufficient evidence to assess extraordinariness. So the court noted that. In saying you were very recently sentenced, the court is noting, I had these facts in front of me and just now you've been recently sentenced and I don't have enough information to make this determination, which is supported by the court statement that the defendant, quote, committed the offense in this action, which involved a gun crime, soon after completing 20 years in state custody for a violent crime. And he is talking about murder and attempted murder with a gun. And now the defendant has been found with a gun doing drug deals. So the court is saying you have a very serious crime. There's been two years that you've been in prison. And then the court says something else that its assessment of the relevant sentencing factors has not changed. The court is again saying I had an opinion before. I actually did have a sentence before and now I've seen everything you put in front of me. You have an extremely violent crime on your record. You've got another gun crime. This was very recent and that's why the court says at the end the sentence imposed remains sufficient, but not greater than necessary to advance the goals of 3553A. So what the court has in front of it is not your typical sentencing reduction statute. This is one that throws the door wide open for district courts, which is why McCoy has made that abundantly clear that the policy statement does not actually constrain the district courts anymore. The district courts have the ability to review what they want. They can look at the defendant's desire to avoid contracting COVID or his disciplinary record or anything else he wants to put there. But especially in a circumstance like this, it's particularly easy for this court to look at what the district court did, make a review of what the district court did and ask itself, is this extraordinary and compelling? The answer is no, it is not. In closing, the defendant did not present extraordinary and compelling reasons. The court had broad discretion under 3582C1A1. It exercised its discretion and it did not abuse it in denying the request. If the court has no further questions, I would ask the court to affirm. All right, thank you. Mr. Abrams? Yes, your honor. First, the government asked the court to decide and below, and that is whether they're extraordinary or compelling reasons. Indeed, in its briefings, the government suggested that the court assumed without deciding that there were extraordinary and compelling reasons to grant relief. So what we have here, I think, just from these arguments is a lot of different ways to interpret what the court did and a lot of guesswork to be done about what the court did. And that's precisely the point. What we're saying is not that the district court had to rule for us or just that the court didn't explain why it didn't rule for us and specifically that it didn't explain why it's 3553A analysis was not impacted by the fact that Mr. High submitted that he's likely to get seriously ill or die during custody. There was no attention paid and no explanation for how the court resolved that issue. The issue about being recently sentenced may explain why the court rejected the post-sentencing mitigation presentation about taking courses and staying out of trouble, but it provides no explanation for how the court grappled with Mr. High's high risk of death or serious illness from COVID-19. And so what we have here is a lot of guesswork to be done if we're trying to figure out what the court did. The government's presented multiple different interpretations of the order, some saying that it found extraordinary and compelling reasons and now it's saying, actually, you can look at this and see that there are no extraordinary and compelling reasons. This is precisely the type of situation where we need to hear from the district court about why it made its ruling. And this is consistent with what this court has been doing in these cases over the last many months and sending cases back where the court has not addressed parties' arguments. And of course, what we're building off of just long-standing holdings in the Fourth Circuit, that in Martin and then now apply in McDonald, and we're asking the court to apply the same argument or that same holding here, that if a defendant presents non-frivolous, fully developed post-sentence arguments, then the district court has to give those individualized attention. And the district court did not do that here. And for that reason, we would ask your honors to vacate the order and to remand this matter for reconsideration. And if there are no further questions, I'll rest. Thank you so much. Yeah. Mr. Abrams, were you court appointed? Yes, your honor. I want to thank you and acknowledge your court appointment on behalf of the court. That's an enormously important service, and you've done a fine job. And thank you very much for that. Thank you very much. We would normally come down at this point and greet counsel. And since we can't do that, we're greeting you now and appreciating your arguments. And we'll handle it as best we can without being with you face to face to face. All right. I'll ask the clerk to address, adjourn court until tomorrow. Thank you, your honor. Thank you. Dishonorable court stands adjourned until this afternoon. God save the United States and dishonorable court.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Allison J. Rushing